IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **LORRAINE DUGGIN, and JOHN (JACK) KISCOAN, individually and as Co-Special Administrators for the Estate of Susan D. Kiscoan, deceased;**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**THE CITY OF OMAHA, NEBRASKA,**<br><br>**Defendant.** | 8:19CV453<br><br>**SECOND AMENDED CASE PROGRESSION ORDER** |

This matter is before the Court following a telephone conference held with counsel for the parties on November 30, 2020. In accordance with the matters discussed during the telephone conference and for good cause shown,

**IT IS ORDERED:**

1) Defendants, Does 1-10, are dismissed.

2) The deadlines to identify expert witnesses and to complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), **remain stayed**.

3) The deadline for filing motions to exclude testimony on *Daubert* and related grounds **remain stayed**.

4) The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is **January 29, 2021**.

5) The deadline for filing motions to dismiss and motions for summary judgment is **March 1, 2021**.

6) The parties shall contact chambers within 7-days of a ruling on any dispositive motion to schedule a telephone conference to discuss deadlines regarding expert witnesses and *Daubert* related motions, if necessary.

Dated this 30th day of November, 2020.

BY THE COURT:

s./Michael D. Nelson
United States Magistrate Judge

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.